| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **District of New Jersey** (State) | |
| Case number (if known): _____ Chapter __11__ | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's Name**  L. A. Terminals, Inc.

**2. All other names debtor used in the last 8 years**  N/A

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  9 0 - 0 0 1 6 8 0 0

**4. Debtor's address**

Principal place of business:
100 First Stamford Place
Number   Street

Stamford   CT   06902
City   State   Zip Code

Fairfield County
County

Mailing address, if different from principal place of business:
Number   Street
P.O. Box
City   State   Zip Code

Location of principal assets, if different from principal place of business
Number   Street
City   State   Zip Code

**5. Debtor's website (URL)**  _____

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor    **L. A. Terminals, Inc.**             Case number *(if known)* _____
       Name

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check One:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☒ None of the above |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . **2123 (Nonmetallic Mineral Mining and Quarrying)** |
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box | ☒ Chapter 11.  *Check all that apply:* |
| | |    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | |    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | |    ☐ A plan is being filed with this petition. |
| | |    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | |    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | |    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ☒ No    District _____ When __MM/DD/YYYY__ Case number _____ <br>☐ Yes.   District _____ When __MM/DD/YYYY__ Case number _____ |

Debtor     **L. A. Terminals, Inc.**            Case number *(if known)* _____
        Name

| | | | | |
|---|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br><br> List all cases. If more than 1, attach a separate list. | ☐ No <br> ☒ Yes. | Debtor    **See Rider 1** <br> District    **District of New Jersey** <br> Case number, if known _____ | Relationship <br><br> When | **Affiliate** <br><br> **4/26/2023** <br> MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

     **Why does the property need immediate attention?** (*Check all that apply.*)

     ☐   It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

         What is the hazard? _____

     ☐   It needs to be physically secured or protected from the weather.

     ☐   It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

     ☐   Other _____

     **Where is the property?** _____
                                 Number     Street

                                 _____
                                 City            State    Zip Code

     **Is the property insured?**
     ☐ No
     ☐ Yes.   Insurance agency _____
                Contact name _____
                Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 <br> ☐ 50-99 <br> ☐ 100-199 <br> ☐ 200-999 | ☒ 1,000-5,000 <br> ☐ 5,001-10,000 <br> ☐ 10,001-25,000 | ☐ 25,001-50,000 <br> ☐ 50,001-100,000 <br> ☐ More than 100,000 |

Debtor    **L. A. Terminals, Inc.**    Case number *(if known)*
    Name

| | | | |
|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **4/26/2023**
    MM/ DD / YYYY

✗    **/s/ *Mohsin Meghji***      **Mohsin Meghji**
Signature of authorized representative of debtor      Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**

✗    **/s/ *Michael D. Sirota***      Date    **4/26/2023**
Signature of attorney for debtor      MM/DD/YYYY

**Michael D. Sirota**
Printed name

**Cole Schotz P.C.**
Firm name

**Court Plaza North, 25 Main Street**
Number    Street

**Hackensack**    **New Jersey**    **07601**
City    State    ZIP Code

**(201) 489-3000**    **msirota@coleschotz.com**
Contact phone    Email address

**014321986**    **New Jersey**
Bar number    State

| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **District of New Jersey** (State) | |
| Case number *(if known)*: _____  Chapter __11__ | ☐ Check if this is an amended filing |

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Whittaker, Clark & Daniels, Inc.

- Whittaker, Clark & Daniels, Inc.
- Brilliant National Services, Inc.
- L. A. Terminals, Inc.
- Soco West, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:  ) Chapter 11
  )
L. A. TERMINALS, INC.,  ) Case No. 23-_____(___)
  )
  Debtor.  )

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Type of Interest | Percentage of Equity Held |
|---|---|---|---|
| Brilliant National Services, Inc. | 100 First Stamford Place, Stamford, CT 06902 | Common | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| L. A. TERMINALS, INC., | ) Case No. 23-_____(___) |
| Debtor. | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Brilliant National Services, Inc. | 100% |

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: District of New Jersey (State) |
| Case number *(if known)*: _____ Chapter 11 |

☐ Check if this is an amended filing

## Chapter 11 Cases: List of Law Firms Representing the Tort Plaintiffs       12/15

Whittaker, Clark & Daniels, Inc., Brilliant National Services, Inc., Soco West, Inc., and L. A. Terminals, Inc. (the "Debtors") each filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code. The following is a consolidated list of parties that represent or have represented the known parties that have alleged claims against the Debtors related to tort claims (the "Top Counsel List"). Substantially contemporaneously with this petition, the Debtors have filed a motion seeking authority to file this Top Counsel List in lieu of a list of the 20 largest unsecured creditors.[1] This list does not include any person or entity who is an "insider" under section 101(31) of title 11 of the United States Code. The Top Counsel List was prepared for with information existing as of the date hereof. The Debtors reserve the right to amend the Top Counsel List based on additional information it may identify. The information contained in the Top Counsel List shall not constitute an admission by, nor shall it be binding on, the Debtors.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, profession… | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Simon Greenstone Panatier, PC** 1201 Elm St. Dallas, TX 75270 | David C. Greenstone (214) 276-7680 dgreenstone@sgpblaw.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 2 | **Weitz & Luxenberg, P.C.** 700 Broadway New York, NY 10003 | Perry Weitz pweitz@weitzlux.com (856) 755-1115  Danny Kraft dkraftjr@weitzlux.com (212) 558-5500 | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 3 | **SWMW Law, LLC** 701 Market St.., Unit 1000 St. Louis, MO 63101 | Benjamin Schmickle ben@swmklaw.com (314) 862-2882 | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 4 | **Maune Raichle Hartley French & Mudd, LLC** 1015 Locust St., Ste. 1200 St. Louis, MO, 63101 | T. Barton French (314) 244-1397 bfrench@mrhfmlaw.com  Neil Maune nmaune@mrhfmlaw.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |

---

[1] This list is in substantially the same form as Official Bankruptcy Form 204 for chapter 11 cases setting forth the list of creditors other than insiders, who have the 20 largest unsecured claims against a debtor.

Debtor Name: Whittaker, Clark & Daniels, Inc.                                  Case Number (if known):_____

| # | Creditor | Contact | Nature | Status | | | Amount |
|---|---|---|---|---|---|---|---|
| 5 | **Napoli Shkolnik PLLC**<br>360 Lexington Ave., 11th floor<br>New York, NY 10017 | James Heisman<br>JHeisman@napliLaw.com<br>(844) 230-7676<br><br>Christopher LoPalo<br>clopalo@napolibern.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 6 | **Levy Konigsberg LLP**<br>800 3rd Ave., 33rd floor<br>New York, NY 10158 | Moshe Maimon<br>mmaimon@levylaw.com<br>(609) 720-0400 | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 7 | **Dean Omar Branham Shirley, LLP**<br>302 N. Market St.<br>Dallas, TX 75202 | Jessica Dean<br>jdean@dobslegal.com<br>(214) 722-5990 | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 8 | **Simmons Hanly Conroy LLC**<br>1 Court St.<br>Alton, Illinois 62002 | Laurence v. Nassif<br>lnassif@simmonsfirm.com<br>(212) 257-8482 | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 9 | **Early, Lucarelli, Sweeney & Meisenkothen, LLC**<br>360 Lexington Ave., 20th Floor<br>New York, NY 10017 | James F. Early<br>(203) 777-7799<br>jfe@elslaw.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 10 | **Cohen, Placitella & Roth, P.C.**<br>2001 Market St., Ste. 2900<br>Philadelphia, PA 19103 | Christopher Placitella<br>cplacitella@cprlaw.com<br>(888) 219-3599 | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 11 | **The Gori Law Firm**<br>156 N. Main St.<br>Edwardsville, IL 62025 | Sara Salger<br>sara@gorilaw.com<br>(618) 247-4247<br><br>D. Todd Matthews<br>todd@gorijulianlaw.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 12 | **The Lanier Law Firm**<br>10940 W. Sam Houston Pkwy<br>Houston, TX 77064 | Mark Lanier<br>WML@LanierLawFirm.com<br>(212) 421-2800<br><br>Michael A. Akselrud<br>Michael.Akselrud@LanierLawFirm.com<br>(310) 277-5100 | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 13 | **Meirowitz & Wasserberg, LLP**<br>1040 6th Ave., Ste. 12B<br>New York, NY 10018 | Daniel Wasserberg<br>dw@mwinjurylaw.com<br>(212) 897-1988 | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 14 | **Waters Kraus & Paul**<br>3141 Hood St., Ste. 200<br>Dallas, Texas 75219 | Sam Iola<br>siola@waterskraus.com<br>(214) 357-6244 | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 15 | **Belluck & Fox, LLP**<br>546 5th Ave., 5th Floor<br>New York, NY 10036 | Joseph W. Belluck<br>jbelluck@belluckfox.com<br>(212) 681-1575 | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 16 | **Karst & Von Oiste LLP**<br>505 Main St.<br>Port Jefferson, NY 11777 | Erik Karst<br>epk@karstvonoiste.com<br>(281) 970-9988 | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 17 | **Phillips & Paolicelli, LLP**<br>747 3rd Ave., 6th floor<br>New York, NY 10017 | Daniel J. Woodard<br>dwoodard@p2law.com<br>(212) 388-5100 | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 18 | **Kazan, McClain, Satterley & Greenwood, A Professional Law Corporation**<br>55 Harrison St., Ste. 400<br>Oakland, CA 94607 | David McClain<br>Joseph Satterley<br>(510) 302-1000<br>jsatterley@kazanlaw.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |

Debtor Name:  Whittaker, Clark & Daniels, Inc.   Case Number (if known):_____

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 19 | **Nachawati Law Group (f/k/a Fears Nachawati)**<br>5489 Blair Rd.<br>Dallas, TX 75231 | Majed Nachawati<br>mn@ntrial.com<br>(214) 890-0711 | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 20 | **Kelley Ferraro, LLC**<br>950 Main Ave., Ste. 1300<br>Cleveland, OH 44113 | John Martin Murphy<br>(216)-238-8657<br>jmurphy@kelley-ferraro.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |

**CONSENT TO CORPORATE ACTION
BY THE BOARDS OF DIRECTORS OF EACH
OF THE COMPANIES SET FORTH ON EXHIBIT A ATTACHED HERETO**

The undersigned, being all of the members of the Boards of Directors (each, a "Board" and collectively, the "Boards") of Brilliant National Services Inc., a Delaware corporation, and certain of its direct and indirect subsidiaries identified on **Exhibit A** (each, a "Company," and collectively, the "Companies"), having considered the filing of voluntary petitions for relief under the provisions of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**" and such petitions, "**Bankruptcy Petitions**") and exploring strategic and/or financial alternatives in light of the Companies' current circumstances, including possibilities of undertaking a restructuring, reorganization, or other transaction and related financing (each of the foregoing and any combination of the foregoing, a "**Restructuring Transaction**");

**WHEREAS,** the Boards have reviewed and considered the following:

1. the presentations by the Companies' management and the legal and financial advisors of the Companies regarding the liabilities and liquidity of the Companies and the strategic alternatives available to them;

2. the information and advice previously provided to and reviewed by the Boards; and

3. the related matters reported on at meetings of the Boards on and before the date hereof;

**WHEREAS,** the Boards have had the opportunity to consult with the Companies' management and the legal and financial advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies; and

**WHEREAS,** the Boards have determined, in their business judgment, that it is desirable and in the best interests of the Companies and their respective stakeholders for the Companies to file, or cause the filing of, voluntary petitions under chapter 11 of the Bankruptcy Code and that such action will benefit the Companies and their respective stakeholders.

*Authorizing the Filing of Bankruptcy Petitions*

**NOW, THEREFORE, IT IS RESOLVED,** that the Companies are authorized to file voluntary petitions for relief under chapter 11 of the Bankruptcy Code and seek necessary relief;

**FURTHER RESOLVED,** that, in the judgment of the Boards, it is desirable and in

the best interests of the Companies, their interest holders, their creditors, and other parties in interest, that the Companies file, or cause to be filed, Bankruptcy Petitions under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey or such other court of competent jurisdiction (the "**Court**").  In accordance with the requirements of the Companies' governing documents and applicable law, the Boards hereby consent to, authorize, and approve the filing of the Bankruptcy Petitions; and

**FURTHER RESOLVED,** that any director, officer, or other duly appointed officer of the Companies (each an "**Authorized Person**" and collectively, the "**Authorized Persons**") is hereby authorized and appointed to act as signatory and attorney on behalf of the Companies in respect of any Restructuring Transaction, and/or any person to whom such Authorized Persons and/or officers delegate certain responsibilities is hereby authorized to execute (under the common seal of the Companies, if appropriate) and file on behalf of the Companies all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions they deem necessary or proper to obtain such relief.

*Retention of Professionals*

**FURTHER RESOLVED,** that each of the Authorized Persons is hereby authorized, empowered, and directed to, on behalf of the Companies, employ: (i) the law firm of Kirkland & Ellis LLP as general bankruptcy counsel; (ii) the law firm of Cole Schotz P.C. as co-bankruptcy counsel; (iii) M3 Partners LLC as financial advisor; (iv) Stretto, Inc. as claims and noticing agent; and (v) any other legal counsel, accountant, financial advisor, restructuring advisor, estimation professional, or other professional the Authorized Persons deem necessary, appropriate, or advisable to retain; each to represent and assist the Companies in carrying out their duties and responsibilities and exercising their rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute (under the common seal of the Companies, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

**FURTHER RESOLVED,** that each of the Authorized Persons is hereby authorized, empowered, and directed to execute (under the common seal of the Companies, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute (under the common seal of the Companies, if appropriate) such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions.

*General*

**FURTHER RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Companies' governing documents and applicable law, are hereby authorized to execute (under the common seal of the Companies, if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents on behalf of the Companies relating to the Restructuring Transactions;

**FURTHER RESOLVED,** that each of the Authorized Persons (and their designees and delegates) is hereby authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute (under the common seal of the Companies, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents, and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, as shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein;

**FURTHER RESOLVED,** that the Boards have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of the Companies, or hereby waive any right to have received such notice;

**FURTHER RESOLVED,** that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Boards; and

**FURTHER RESOLVED,** that any Authorized Person is hereby authorized to perform all other acts, deeds, and other actions as the Companies themselves may perform, in accordance with their governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution (under common seal, whether or not expressed to be a deed, as may be necessary or appropriate), and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents whatsoever as the individual acting may in their absolute and unfettered discretion approve or deem or

determine necessary, appropriate, or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

* * * *

*[Signature pages follow]*

**IN WITNESS WHEREOF**, the undersigned, being all the directors of the Companies, have executed this unanimous consent to be effective as of the date first written above. This unanimous consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

DATED: April 25, 2023

*Raj Mehta*
_____          _____
Raj R. Mehta                                         Paul Aronzon


                              _____
                                         Tim Pohl

**IN WITNESS WHEREOF**, the undersigned, being all the directors of the Companies, have executed this unanimous consent to be effective as of the date first written above. This unanimous consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

DATED: April 25, 2023

_____          _____
Raj R. Mehta                                              Paul Aronzon


                                                               _____
                                                               Tim Pohl

**IN WITNESS WHEREOF**, the undersigned, being all the directors of the Companies, have executed this unanimous consent to be effective as of the date first written above. This unanimous consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

DATED: April 25, 2023


_____          _____
Raj R. Mehta                                                   Paul Aronzon

                                                    DocuSigned by:
                          _____
                                                    Tim Pohl

## Exhibit A
**Subsidiaries**

| Name | Jurisdiction |
|---|---|
| Soco West, Inc. | Delaware |
| L.A. Terminals, Inc. | California |
| Whittaker, Clark & Daniels, Inc. | New Jersey |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **L. A. Terminals, Inc.** |
| United States Bankruptcy Court for the: | **District of New Jersey** (State) |
| Case number (If known): | |

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | **4/26/2023** | ☒ */s/ Mohsin Meghji* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Mohsin Meghji** |
| | | Printed name |
| | | **Chief Restructuring Officer** |
| | | Position or relationship to debtor |

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors